IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00575-BNB

EARL J. CROWNHART,

    Applicant,

v.

THE PEOPLE OF MESA COUNTY, COLORADO,
CHRIS NARRBONNIE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO

    Respondent.

## ORDER OF DISMISSAL

Applicant, Earl J. Crownhart, acting *pro se*, initiated this action on March 7, 2013, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Applicant was granted leave to proceed pursuant to § 1915 on March 7, 2013.

Applicant's claims generally are unintelligible. However, it is clear that Applicant is challenging a conviction in Colorado State Criminal Case No. 09CR1445, a case that was closed on October 26, 2012. *See* Application at 7. It also is clear that Applicant is challenging his current placement at the Colorado Mental Health Institute in Pueblo, Colorado, which is the same issue Applicant is challenging in *Crownhart v. Quinn, et al.*, No. 12-cv-03053-BNB (filed Nov. 19, 2012). This case will be dismissed for the following reasons.

Pursuant to § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of Treaties of the United States." An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is in custody. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). Applicant, therefore, may not challenge his conviction in Case No. 09CR1445 because he no longer is in custody pursuant to that conviction and was not in custody when he filed this § 2254 Application. This action is subject to dismissal for lack of jurisdiction.

In addition, repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). As stated above, the claims Applicant asserts in this action are repetitive of his claims in Case No. 12-cv-03053. This action is subject to dismissal as either frivolous or malicious. Nonetheless, the Court will dismiss the action for lack of jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated March 8, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court